| | |
|---|---|
| Gary J. Smith (SBN 141393) <br> gsmith@bdlaw.com <br> Jacob P. Duginski (SBN 316091) <br> jduginski@bdlaw.com <br> BEVERIDGE & DIAMOND P.C. <br> 456 Montgomery Street, Suite 1800 <br> San Francisco, CA 94104 <br> Telephone: (415) 262-4000 <br><br> Kaitlyn D. Shannon (SBN 296735) <br> kshannon@bdlaw.com <br> Megan L. Morgan (*pro hac vice forthcoming*) <br> mmorgan@bdlaw.com <br> James B. Slaughter (*pro hac vice forthcoming*) <br> jslaughter@bdlaw.com <br> BEVERIDGE & DIAMOND, P.C <br> 1900 N Street, N.W., Suite 100 <br> Washington, DC 20036-1661 <br> Telephone: (202) 789-6040 <br> Facsimile: (202) 789-6190 | Paul S. Chan (SBN 183406) <br> pchan@birdmarella.com <br> Ariel A. Neuman (SBN 241594) <br> aneuman@birdmarella.com <br> Shoshana E. Bannett (SBN 241977) <br> sbannett@birdmarella.com <br> BIRD, MARELLA, RHOW, LINCENBERG DROOKS & NESSIM, LLP <br> 1875 Century Park East, 23rd Floor <br> Los Angeles, California 90067-2561 <br> Telephone: (310) 201-2100 <br> Facsimile: (310) 201-2110 |

Attorneys for Defendants Chiquita Canyon, LLC, Waste Connections of California, Chiquita Canyon, Inc., and Waste Connections US, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SUGGS, an individual, JOHN SUGGS, SR., an individual, BRITTANY SUGGS, an individual, TINNIE SUGGS, an individual, JOE GOMEZ, an individual, ANGELICA GOMEZ, an individual, DEBRA LOVE, an individual, ANGELIQUE LOVE, an individual, AARON POLMOUNTER, an individual, AVO BABOUJIAN, an individual, SAKO DJABOURIAN, an individual, GARBIS DJABOURIAN, an individual, MARY DJABOURIAN, an individual, DEBORAH HIGBY, an individual, JOHN HIGBY, IV, an individual, JOSE CERRITOS, an individual, HAGOP ASSADOURIAN, an individual, PHOEBE OLIVERA, an | CASE NO. <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br> [Los Angeles Superior Court Case No. 24STCV09238] <br><br> *[Filed concurrently with the Declarations of Shoshana E. Bannett, John Perkey, Adam Gooderham, and Steven J. Cassulo]* <br><br> Action Filed: February 2, 2024 |

3928188.3

individual, NATHAN OLIVERA, an individual, WILLIE BOONE, an individual, KATYA DAGHLIAN, an individual, NERSES DAGHLIAN, an individual, MARC BREWER, an individual, LAKEN BREWER, an individual, CARMEN GONZALEZ, an individual, LUIS VILLALOBOS-GONZALEZ, an individual, AARON GONZALEZ, an individual, SHEILA BOGHIGIAN, an individual, VAHRAM BOGHIGIAN, an individual, NORMAN BOGHIGIAN, an individual, MARIA TURNBULL, an individual, HALEIGH ASHMORE, an individual, EDVIN HAKOPIAN, an individual, MALINEH MARTUSSIAN, an individual, RAFFI KARTALIAN, an individual, TAMAR KARTALIAN, an individual, ANNIE BUTALIA, an individual, INDERPAL SINGH, an individual, ARNO MELIKYAN, an individual, KATSIARYNA MELIKYAN, an individual, MARLENE NADEL, an individual, JESSICA HOOKER, an individual, SAM ALAVI, an individual, MASSA ALAVI, an individual, ARIAAN ALAVI, an individual, ATHINA ALAVI, an individual, RENATO FEDI, an individual, ANGELA FEDI, an individual,

        Plaintiffs,

    vs.

CHIQUITA CANYON, LLC, a Delaware Limited Liability Company; WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, inclusive,

        Defendants.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Chiquita Canyon, LLC ("Chiquita"); Waste Connections of California ("WC-California"); Chiquita Canyon, Inc. and Waste Connections US, Inc.("WC-US") (collectively "Defendants"),[1] pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, on the following grounds:

## I.  BACKGROUND AND TIMELINESS OF REMOVAL

1. On February 2, 2024, forty-eight individual plaintiffs ("Plaintiffs") filed a Complaint in the matter of *Suggs, et al. vs. Chiquita Canyon, LLC, et al*. (Case No. 24STCV02836) in the Superior Court of the State of California, County of Los Angeles (the "State Court Action"). Declaration of Shoshana E. Bannett ("Bannett Decl."), **Ex. A**.

2. Plaintiffs' Complaint alleges that Defendants failed to properly construct, maintain, and operate the landfill owned by Chiquita (the "Landfill"), and as a result, noxious fumes and odors entered Plaintiffs' property and injured Plaintiffs.

3. Plaintiffs' Complaint asserts the following causes of action: Negligence, Negligence Per Se, Strict Liability for Ultrahazardous Activities, Continuing Private Nuisance, Permanent Private Nuisance, Continuing Public Nuisance, Permanent Public Nuisance, and Trespass.

4. In the Complaint, Plaintiffs request damages for personal injury,

---

[1] Defendant WC-California has not been validly served. Out of an abundance of caution, WC-California joins in this notice of removal, while reserving all rights to challenge service and service of process.

property damage, damages to the health of their pets, diminution in property value, loss of use and enjoyment of property, lost wages, costs of future medical monitoring, and general damages among other categories of damages. Plaintiffs also seek an unspecified "immediate temporary injunction against Defendants to prevent further harm to Plaintiffs," and punitive damages.

5. Defendants Chiquita, Chiquita Canyon, Inc., and WC-US were served on February 22, 2024.

6. WC-California has not been validly served.

7. This Notice of Removal has been timely filed within thirty days after receipt by Defendants, through service or otherwise, of the Complaint and within one year after commencement of the action, in accordance with 28 U.S.C. § 1446.

## II. VENUE

8. Removal to the United States District Court for the Central District of California, Western Division, is proper under 28 U.S.C. § 1446(a) because the State Court Action was pending in Los Angeles County prior to removal, which falls within the Western Division of the Central District of California. 28 U.S.C. § 84(c)(2).

## III. STATEMENT OF JURISDICTION

9. The State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because (1) there is complete diversity of citizenship between Plaintiffs and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the United States District Court for the Central District of California has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

    **A. There is Diversity Jurisdiction Because Defendants Chiquita, Chiquita Canyon Inc, and WC-US Are Citizens of Different States Than Plaintiffs.**

10. For purposes of determining diversity of citizenship, an individual is

deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Balboa Cap. Corp. v. Lake Transport LLC*, No. SACV 23-01429-CJC (ADSx), 2023 WL 8870505, at *2 (C.D. Cal. Nov. 9, 2023) (finding complete diversity because "a person's residence is prima facie evidence of domicile and citizenship").

11. Plaintiffs are residents of California and citizens of California. *See* Complaint ¶ 19.

12. A "corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). A corporation's principal place of business is its nerve center—*i.e.* where the officers and/or directors control and coordinate activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

13. Defendants Chiquita, Chiquita Canyon, Inc., and WC-US are all incorporated in Delaware, with principal places of business of The Woodlands, Texas. *See* Cassulo Decl., ¶ 3 (Chiquita); Bannett Decl. **Exs. E** (Chiquita Canyon, Inc.); **F** (WC-US)

14. Defendants Chiquita, Chiquita Canyon, Inc., and WC-US are all citizens of Delaware and Texas.

15. Therefore complete diversity exists between Plaintiffs and Defendants Chiquita, Chiquita Canyon, Inc., and WC-US.

**B. Defendant WC-California Is an Improperly Named Sham Defendant Whose Fraudulent Joinder Does Not Preclude Removal.**

16. Plaintiffs also named WC-California as a defendant. WC-California is incorporated in California with a principal place of business in The Woodlands,

Texas. Perkey Decl., ¶ 3. For the reasons set forth below, WC-California is a fraudulently joined defendant, and "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

17. "[I]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state" "the joinder of the non-diverse defendant is fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony. *Id.* at 1068.

18. Here, WC-California is a fraudulently joined sham defendant whose joinder does not preclude diversity jurisdiction.

19. Plaintiffs' claims for negligence, negligence per se, strict liability for ultrahazardous activity, assorted nuisance claims and trespass are all based on the odor and gas issues arising out of a subsurface reaction at the Landfill. But WC-California cannot possibly be held liable for claims based on the odor and gas issues arising out of a subsurface reaction at the Landfill because WC-California has nothing to do with the Landfill whatsoever.

20. Plaintiffs allege only that WC-California "constructed, operated or maintained" the Landfill. Complaint ¶ 21. Plaintiffs make identical allegations about Chiquita, Chiquita Canyon, Inc., and WC-US. *Id.* ¶¶ 20, 22, 23. The remaining allegations merely refer collectively to "Defendants."

21. Plaintiffs provide no detail about WC-California's conduct because there is no detail to provide. ***In fact, the Landfill is owned and operated entirely by Chiquita – not WC-California***. Cassulo Decl. ¶ 1; Gooderham Decl., ¶ 4. Chiquita holds the permits for the Landfill. Cassulo Decl. ¶ 5. The Notices of Violation discussed in the Complaint were sent to Chiquita. *Id*.

22. WC-California is a separate and distinct corporate entity from Chiquita. Perkey Decl., ¶ 4. WC-California does not hold any issued permits for the Landfill, does not own the Landfill, does not operate the Landfill and is not involved in any activities of the Landfill. Gooderham Decl., ¶ 4; Cassulo Decl. ¶ 6. Likewise, WC-California did not construct the Landfill and was not involved with any expansions of the Landfill. Gooderham Decl., ¶ 4.

23. Moreover, WC-California does not exert control over Chiquita or the Landfill and does not engage in oversight, management or direction of Chiquita or the Landfill. Gooderham Decl., ¶ 5.

24. WC-California operates its own, completely separate business. Specifically, WC-California operates multiple hauling, recycling and transfer station facilities primarily in El Dorado County, Santa Clara County, and Tehama County. Gooderham Decl., ¶ 2. WC-California holds municipal contracts and permits to operate its business from cities in the areas in which it operates. *Id.* Notably, ***WC-California does not operate in Los Angeles County***. *Id.* ¶ 3.

25. Moreover, WC-California does not do *any* business with the Landfill. It does not haul materials to the Landfill and does not have any contracts with the Landfill. *Id.* ¶ 6.

26. In short, it is obvious Plaintiffs cannot state a cause of action for direct liability against WC-California because WC-California played and plays no role with respect to the Landfill.

27. Plaintiffs also seek to hold WC-California liable under a theory of alter ego liability: Plaintiffs allege that "[t]here is a unity of interest and ownership between Defendants, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity." Complaint ¶ 24. But Plaintiffs allege no *facts* to support this legal conclusion. *See Cree, Inc. v. Tarr Inc.*, No. 3:17-cv-00506-GPC-NLS, 2017 WL 3219974, at *7 (S.D. Cal. July 28, 2017) ("To allege claims based on agency or alter ego liability, Plaintiff must plead

specific facts, rather than mere conclusory allegations."); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F.Supp.3d 1104, 1136 (C.D. Cal. 2015) (same). Nor can they.

28. Under California law, "[t]o apply the alter ego doctrine, there must be: (1) such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities do not in reality exist, and (2) there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Salkin v. United Servs. Auto. Ass'n*, 767 F. Supp. 2d 1062, 1066 (C.D. Cal. 2011) (cleaned up) (citing California cases).

29. Here, WC-California and Chiquita are separate and distinct legal entities with separate and distinct operations. As discussed above, they each have their own separate and distinct businesses and do not do business with each other. They have no corporate relationship to each other aside from sharing an intermediate parent company, Waste Connections US, Inc., and an ultimate parent company, Waste Connections, Inc. Perkey Decl., ¶ 4. An organization chart illustrates this limited corporate connection. Perkey Decl., ¶ 4, **Ex. A**.

30. WC-California and Chiquita do not loan each other money. Gooderham Decl., ¶ 10. Chiquita is not financially dependent on WC-California, and WC-California does not pay the expenses or losses of Chiquita. Cassulo Decl., ¶ 7; Gooderham Decl., ¶ 7. WC-California has never guaranteed any contracts or loans for Chiquita. Gooderham Decl., ¶ 9.

31. Both WC-California and Chiquita observe all corporate formalities. WC-California's books and records are maintained separately from Chiquita's books and records. Perkey Decl., ¶ 5. WC-California's corporate filings are up-to-date. Perkey Decl., ¶ 6, **Ex. B**. Chiquita's corporate filings are also up-to-date. *See* Bannett Decl., **Ex. D.** Both WC-California and Chiquita pay state and federal taxes as required and each has its own federal EIN. Perkey Decl., ¶ 6 (WC-California); Cassulo Decl. ¶ 8 (Chiquita).

### C. The Amount in Controversy Exceeds $75,000.

32. While Plaintiffs have not alleged a specific amount they are seeking to recover, the matter in controversy in this action, exclusive of interest and costs, exceeds $75,000.

33. There are 48 plaintiffs. Therefore, each plaintiff needs to seek damages of only $1,562.50 each to meet the amount in controversy. And Plaintiffs are seeking to recover damages for personal injuries, property damage, damage to the health of their pets and diminution in property value. Complaint, p. 27, ¶ VII(c). They are also seeking loss of use and enjoyment of their real property, displacement expenses, lost wages. *Id.* ¶ VII (d), (e), (f). Plaintiffs also seek to recover the cost of future medical monitoring, and general damages for emotional distress/mental anguish. *Id.* ¶¶ VII (h), (i). Plaintiffs also seek punitive damages. *Id.* ¶ VII (j). Given the nature of the damages they are seeking, and the request for future medical monitoring and punitive damages, it is clear that Plaintiffs are seeking far more than $1,562 each, and as a result, the amount in controversy exceeds the $75,000 minimum set forth in 28 U.S.C. § 1332(a).

### IV. NOTICE

34. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy will be filed with the Clerk of the Superior Court of California, County of Los Angeles.

### V. PROCEDURAL REQUIREMENTS ARE SATISFIED

35. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, and orders served upon Defendants in this action are attached to the Bannett Decl., at Exhibits **A** and **B**.

WHEREFORE, Defendants hereby remove the above-captioned action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, Western Division.

| | | |
|---|---|---|
| DATED: March 25, 2024 | | Paul S. Chan<br>Ariel A. Neuman<br>Shoshana E. Bannett<br>Bird, Marella, Rhow,<br>Lincenberg, Drooks & Nessim, LLP<br><br>Gary J. Smith<br>Jacob P. Duginski<br>Kaitlyn D. Shannon<br>Megan L. Morgan<br>James B. Slaughter<br>Beveridge & Diamond, P.C. |

By: _____*/s/ Paul S. Chan*_____
        Paul S. Chan
Attorneys for Defendants Chiquita Canyon, LLC, Waste Connections of California, Chiquita Canyon, Inc., and Waste Connections US, Inc.

3928188.3

8

DEFENDANTS' NOTICE OF REMOVAL